22 C. C. P. A. (Patents)

### In re SCOTT.

**Patent Appeal No. 3452.**

Court of Customs and Patent Appeals.
May 25, 1935.

Strauch & Hoffman, of Washington, D. C. (James A. Hoffman, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application for a patent upon "improvements in savings system and means to operate same," in the United States Patent Office. All the claims were rejected by the Examiner on two grounds: First, that the subject-matter lacked patentable novelty over ordinary coupon bonds; and, second, that there was no disclosure of patentable subject-matter within the scope of section 4886, Revised Statutes, as amended (35 USCA § 31). On appeal, the Board of Appeals reversed the decision of the Examiner on the second ground stated and affirmed said decision on the first of said grounds.

Counsel for appellant thus describes the alleged invention:

"The invention consists in a paper certificate comprising a body part and a multiplicity of coupons attached in a single row along one edge of the body part, so that any coupon of the series may be individually removed without affecting any other coupon of said series. The coupons are not intended to be removed in a particular order, and for this reason they are arranged in a single row in order to permit any coupon to be removed without affecting any other coupon.

"The body of the certificate contains printed matter distinguishing the sheet of paper constituting said body from other printed sheets or portions, and enables said body to be used in the accomplishment of a definite object, presently to be referred to.

"The coupons, which are attached to the body as above stated, likewise contain indicia showing their character and distinguishing them from all other coupons known to applicant, such indicia making it possible to use the coupons in an advantageous system for encouraging savings devised by applicant."

Claim 1 is fairly representative of all the claims, and is as follows:

"1. A certificate intended to encourage the saving of a substantial fixed sum by systematic additions to said sum made periodically over a period of a number of years, while permitting optional withdrawal of parts of said sum under specified conditions, comprising a body indicating on its face said fixed sum the total sum if the option of withdrawal has not been exercised, and coupons removable from said body, each coupon having on its face an indicated value corresponding to a fractional part of

said fixed sum and a statement of the conditions necessary to be fulfilled to mature the coupon."

A sample of the printed form which constitutes the subject-matter of appellant's application is before us. It consists of a printed so-called savings certificate, and attached thereto, on one side, are ten coupons. The coupons are not perforated. On the face of the certificate is a printed contract, by the terms of which one party agrees to pay to the other certain amounts at certain times, in consideration of the payment by said other party, of certain sums, at certain stated periods. The coupons contain certain similar mutual agreements. The whole constitutes a contract form of no unusual form or substance.

Counsel for appellant thus states the issue, which is concurred in by the Solicitor for the Patent Office: "The only question to be determined under this appeal is: Is the certificate defined in the appealed claims patentably different from a coupon bond?"

The Board of Appeals held, we think properly, that the "appellant's structure and printed matter as combined did not involve patentability over a coupon bond." We are unable to discern any patentable distinction, and the rejection, for that reason, must be affirmed. However, in so holding, it should not be understood that we are expressing approval of the holding of the Board of Appeals as to the Examiner's rejection on the ground of failure to disclose invention under said section 4886. The Examiner's holding would seem to be in harmony with our holdings in Re Dixon, 44 F.(2d) 881, 18 C. C. P. A. (Patents) 711; In re Clark, 58 F.(2d) 455, 19 C. C. P. A. (Patents) 1166; In re Malcolm, 56 F.(2d) 876, 19 C. C. P. A. (Patents) 1097; In re Reeves, 62 F.(2d) 199, 20 C. C. P. A. (Patents) 767; In re Sterling, 70 F.(2d) 910, 912, 21 C. C. P. A. (Patents) 1134.

Counsel for appellant relies strongly upon Cincinnati Traction Co. v. Pope (C. C. A.) 210 F. 443, as supporting his claims herein. In this respect, we are of opinion counsel has lost sight of the real principle involved in that decision. As we said in Re Sterling, supra:

" * * * The street railroad transfer ticket there involved had printed matter upon it arranged so as to adapt it readily and conveniently to the definite uses described in the opinion, but the court did not rest its decision upholding the validity of the pat-

ent upon the printing, or the arrangement thereof, but stated specifically:

" 'The device of the patent clearly involves physical structure. The claims themselves are, in a proper sense, limited to such structure.' "

The decision of the Board of Appeals is affirmed.

Affirmed.