**In the Matter of Marla Susan WEGNER, Debtor.**

**Bankruptcy No. BK95–41324.**

United States Bankruptcy Court. D. Nebraska.

Jan. 6, 2000.

Michael Elsken, Attorney at Law, Lincoln, NE, for Debtor.

Joseph H. Badami, Woods & Aitken Law Firm, Lincoln, NE, Chapter 7 Standing Trustee.

## MEMORANDUM.

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

When Ms. Wegner filed a Chapter 13 case she had no equity in her home and, as a single person, she was not eligible to claim a homestead exemption. By the time the Chapter 13 case was converted to this Chapter 7 case, Ms. Wegner had married, was eligible for a homestead exemption, and there existed equity in the home due to repayment of principal and appreciation in value. The Chapter 7 Trustee's objection to Ms. Wegner's claimed homestead exemption is denied.

## FACTS

In 1995, when Susan Wegner filed a Chapter 13 bankruptcy petition, she owned real estate in which she resided. However, she did not qualify for the Nebraska Homestead Exemption because she was not married and had no dependents living with her. The Chapter 13 schedules, confirmation proceedings, and liquidation analysis demonstrate that there was no equity in the home when the Chapter 13 case was filed. A Chapter 13 plan was confirmed, and the debtor made payments under the plan.

During the pendency of the Chapter 13 case, the debtor got married and resided in the property with her spouse. In 1999, she converted the Chapter 13 case to a Chapter 7 case. She filed new bankruptcy schedules and statements of financial affairs and claimed a homestead exemption. During the pendency of the Chapter 13 case, she had continued to make payments on her home mortgage and the debt had been reduced to approximately $39,900. During the pendency of the Chapter 13 case, the value of her home had appreciat-

ed from $42,000 to a fair market value of approximately $51,500. Therefore, at the time the case was converted to Chapter 7, there was equity in the property of about $11,600 as evidenced by the debtor's amended schedules.

The debtor asserts that, as of the time of conversion to Chapter 7, she is entitled to claim the $11,600 equity in her home as exempt property under NEB. REV. STAT. § 40–101. Her eligibility for the Nebraska homestead exemption is predicated upon her marriage and occupancy of the home during the pendency of the Chapter 13 case. The Chapter 7 Trustee objects, arguing that exemptions are to be determined as of the time the original Chapter 13 bankruptcy petition was filed. The Trustee notes that under 11 U.S.C. § 348, the conversion of a case does not formally change the petition date. The Trustee argues that the debtor may not claim a homestead exemption because at the time the Chapter 13 case was filed in 1995, (i) there was no equity in the property and (ii) the debtor was not eligible to claim a homestead exemption under Nebraska law. The Trustee asserts that the original Chapter 13 petition date controls in determining exemptions. ·

## LAW

The effect of conversion of a case from one chapter to another under Title 11 is governed by 11 U.S.C. § 348 and related decisional law. Section 348(f) was amended effective in 1994. Conversion of a case from one chapter to another does not change the date of filing of the petition. 11 U.S.C. § 348(a). Property of a Chapter 7 bankruptcy estate, converted in good faith from a Chapter 13 case, includes the Chapter 13 estate property as of the Chapter 13 petition date, that remains in the possession or control of the debtor at the time. of the conversion. Thus, property acquired by a debtor after a Chapter 13 case is filed does not constitute property of the successor Chapter 7 estate. In addition, property of the successor Chapter 7 estate is valued as it was in the previous Chapter 13 case, and Chapter 13 allowed secured claims are reduced by the amount the debtor has paid under the confirmed Chapter 13 plan. 11 U.S.C. § 348(f)(1).

Prior to recent amendments to § 348(f), some courts concluded that equity in property that arose during the pendency of a Chapter 13 case is not property of the successor Chapter 7 estate. *In re Bobroff,* 766 F.2d 797 (3rd Cir.1985), 3 Collier on Bankruptcy ¶ 348.07 at 348–19 (15th ed.1999).

Also, prior to the § 348(f) amendments, it was held that when a case is converted from Chapter 13 to Chapter 7, eligibility for exemptions is determined at the time the case is converted from Chapter 13 to Chapter 7. *In re Lindberg,* 735 F.2d 1087, 1090 (8th Cir.1984). The Bankruptcy Appellate Panel for the Eighth Circuit recently concluded that *In re Lindberg* is no longer effective and that a debtor's eligibility to claim a homestead is to be determined as of the Chapter 13 petition date and not the date of conversion. *In re Alexander,* 239 B.R. 911 (8th Cir. BAP 1999), *appeal docketed,* No. 99–4285 (8th Cir. December 27, 1999). I respectfully disagree with the conclusions reached in *Alexander.*

## DISCUSSION

Facts and circumstances often change between the filing of a Chapter 13 case and the time the case is converted to Chapter 7. Respecting a debtor's home and homestead exemption, relevant changes include: (1) the value of debtor's home may increase, creating equity in debtor's home; (2) the amount of claims secured by the debtor's home may be reduced as secured debts are paid, creating equity in debtor's home; and (3) the debtor's eligibility or qualification for a homestead exemption may change.

These changes in circumstances give rise to the question of whether the debtor may claim the homestead exemption upon

conversion of the case from Chapter 13 to Chapter 7.

On the facts of the case before the Court,

1.  At the time the Chapter 13 case was filed there was no equity in the home and, under Nebraska law, the debtor was not eligible to claim a homestead exemption because she did not reside in the property with her spouse or a dependent.

2.  At the time the case was converted to Chapter 7, there existed equity in the property because the value of the home had increased *and* the claim secured by the home had been reduced by payments. In addition, at the time of conversion, the debtor was eligible to claim a Nebraska homestead exemption because she had married, and resided in the house with her spouse, during the pendency of the Chapter 13 case.

■ From a policy standpoint, Congress seeks to encourage bankruptcy debtors to file Chapter 13 cases wherein payments are made to creditors over 36–60 months. In furtherance of this objective, Congress permits Chapter 13 debtors to convert to Chapter 7 as a matter of right under § 1307, and Congress recently amended § 348(f) to further assure that debtors will not suffer detrimental consequences if they elect to file a Chapter 13 and later convert to Chapter 7 in good faith.

In relevant part, amended § 348(f) provides:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f).

■ Turning to the facts before the Court, the debtor's home constitutes property of this successor Chapter 7 estate. The home was owned by the debtor at the time the original Chapter 13 petition was filed, and the home constituted property of the Chapter 13 bankruptcy estate under 11 U.S.C. § 541. · Upon conversion from Chapter 13 to Chapter 7, the home became property of this Chapter 7 case because the home remained in the possession and control of the debtor on the date of conversion. 11 U.S.C. § 348(f)(1)(A).

■ Section 348(f)(1)(B), as amended, provides that property of this Chapter 7 estate is to be valued as it was in the previous Chapter 13 case. At the time the Chapter 13 case was filed, the debtor's home was valued at $42,000,[1] and at the time of conversion the home was valued at $51,500. Under § 348(f)(1)(B), debtor's home is valued at $42,000 for purposes of the present Chapter 7 case. Since the debtor's home is valued at $42,000, there is a $9,500 increment of property value that is excluded from this Chapter 7 bankruptcy estate under § 348(f), and it constitutes property of the debtor. Section 348(f)(1)(B) assures that property of a successor Chapter 7 case excludes the amount by which property appreciates during the pendency of a Chapter 13 case. A debtor thus gets a fresh start in their financial

---

1.  The evidence of the value of debtor's residence is taken from her schedules and state-ment of financial affairs filed in the Chapter 13 bankruptcy case.

affairs as of the date a Chapter 13 case is filed.

■ The effect of claiming an exemption is also to technically exclude property from the bankruptcy estate under § 522(b). Since the $9,500 increment of value is excluded from the estate by § 348(f) it is unnecessary and redundant to assert that the $9,500 is excluded from the estate because it is exempt. I conclude that this $9,500 is not property of the Chapter 7 estate under § 348(f).

■ Section 348(f)(1)(B) requires that the Chapter 13 valuations of property and of allowed secured claims shall apply in the converted case with the secured claim reduced to the extent of payments made under the Chapter 13 plan. The Chapter 13 claim secured by the debtor's home. was $42,800, and the plan proposed to pay that claim in full.[2] That claim has been reduced to $39,000 because $2,900 in principal payments were made during the pendency of the Chapter 13 case. As previously stated, the debtor's home had a value of $42,000 for the purposes of the Chapter 13 case. Deducting the $39,900 in debt from the $42,000 value, there is a $2,100 equity cushion which constitutes property of this Chapter 7 bankruptcy estate.

The question now becomes whether the debtor may claim this $2,100 equity cushion as exempt property. Unfortunately, the amendments to § 348(f) do not deal with this issue. To the extent that an equity cushion is attributed to appreciation in the property, § 348(f)(1)(B) protects the debtor by using the Chapter 13 unappreciated value for purposes of the successor Chapter 7 case. On the facts of this case, that protects the debtor by excluding $9,500 of the appreciation from the Chap-

ter 7 estate ($51,500 current value, less $42,000 value in the Chapter 13 case). Section 348 does not explicitly protect an equity cushion that is created by payments made during the pendency of the Chapter 13 case.

Whether the debtor may claim the $2,100 equity as exempt requires resolution of two separate questions.

1. At the time of conversion, is the debtor permitted to claim an exemption?

2. Is debtor's eligibility for a particular exemption determined as of the original Chapter 13 petition. date or as of the date of conversion to Chapter 7?

In resolving these questions, we are guided by the Eighth Circuit Court of Appeals decision *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984). Although *Lindberg* was decided before the 1994 amendments to § 348(f), it is still largely dispositive of the issue involving the $2,100 equity attributed to debt reduction because amended § 348 is silent on this question.

■ I conclude that a debtor is permitted to claim a homestead exemption at the time of conversion. Although the Federal Rules of Bankruptcy Procedure no longer require the debtor to file amended bankruptcy schedules in the newly converted case, FED. R. BANKR. P. 1009(a) allows the debtor, as a matter of right, to amend bankruptcy schedules any time before the case is closed. Bankruptcy Code sections 348 and 522 do not prohibit the claiming of an exemption at the time of conversion. In answer to our first question, I conclude that a debtor may claim an exemption in bankruptcy schedules filed or amended at the time the case is converted to Chapter 7.

**2.** The mortgage holder filed a proof of claim in the Chapter 13 case in the amount of $42,800, and the debtor valued the property at $42,000 in her schedules and statement of financial affairs. The debtor's Chapter 13 plan provided to pay the $42,800 claim in full. Bankruptcy Code section 1322(b)(2) does not

allow a debtor in a Chapter 13 case to modify the rights of a creditor whose claim is secured solely by a debtor's principal residence. Since the debtor cannot modify the rights of the mortgage holder, the $42,800 claim was allowed in full, even though the property was valued by the debtor at $42,000.

This brings us to the final question: Is the debtor's eligibility for the homestead exemption to be determined as of the original Chapter 13 petition date, or as of the conversion date? For the reasons expressed in *In re Lindberg,* at 1089–1091, I conclude that the date of conversion controls.

First, exemptions play a significantly different role in a Chapter 13 case and Chapter 7 case, particularly with regard to the homestead exemption. In a Chapter 7 case, exempt property is retained by the debtor. A Chapter 7 debtor's nonexempt assets are sold by the trustee if there is any equity in the property in excess of secured claims. Section 506(a) is given full force and effect in a Chapter 7 case, and a claim secured by debtor's home is allowed as a secured claim only to the extent of property value. Therefore, both the Chapter 7 debtor and home mortgage holder have a financial incentive to dispute and, if necessary, adjudicate the value of the debtor's residence. A Chapter 7 debtor also has an economic incentive to assert the homestead exemption if the value of the home exceeds the amount of home mortgage indebtedness. If the sum of the mortgage balance and homestead exemption exceed the property value, the Chapter 7 Trustee will abandon the residence from the bankruptcy estate. In short, it is in the interest of the debtor and mortgage holder to adjudicate residential property values and qualification for the homestead exemption in a Chapter 7 case. On the other hand, these financial incentives do not exist before conversion to Chapter 7 from Chapter 13 because of the preferential treatment enjoyed by home mortgage holders under 11 U.S.C. § 1322(b)(2). A Chapter 13 debtor is prohibited from modifying the rights of claims secured solely by debtor's residence. *See Nobelman v. American Sav. Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). In a Chapter 13 case, the home mortgage must be paid in full and it may not be bifurcated or stripped down under

§ 506. There are, thus, three factors at work in a Chapter 13 case which, in confluence, mitigate against adjudication of residential property value and entitlement to the homestead exemption.

1. As stated, the home mortgage must be paid in full.

2. The homestead exemption cannot be asserted against a consensual lien, such as a mortgage holder.

3. The debtor will retain possession of the home and all property of the estate regardless of the values.

The only purpose of listing exempt property in a Chapter 13 case is to permit creditors to analyze the Chapter 13 plan to determine whether they will be paid as much as in a Chapter 7 case. 11 U.S.C. § 1325(a)(4). Because the purposes and consequences of exemptions differ so much in Chapter 13 and Chapter 7, a debtor should be permitted to claim exemptions based on circumstances which exist at the time of conversion from Chapter 13 to Chapter 7.

Second, Bankruptcy Rule 1019 provides further support that the date of conversion controls what exemptions may be claimed. Rule 1019 states:

> When a...chapter 13 case has been converted...to a chapter 7 case...[l]ists, inventories [and] schedules...theretofore filed shall be deemed filed in the chapter 7 case, unless the court directs otherwise. If they have not been previously filed, the debtor shall comply with Rule 1007 [i.e., shall file the documents] as if an order for relief had been entered on an involuntary petition *on the date of the entry of the order directing that the case continue under chapter 7.*

FED R. BANKR. P. 1019(1) (emphasis added). Under the rule if bankruptcy schedules have not been filed in the Chapter 13 case, prior to conversion, the schedules must be filed when the order for relief has been entered in the converted Chapter 7 case. Because exemptions cannot be claimed until the schedules are filed, the date of

conversion will control. As explained by the *Lindberg* court:

> We find further support for our conclusion that the date of conversion controls what exemptions may be claimed in one of the new bankruptcy rules, Rule 1019(1). The Advisory Note to Rule 1019(1) explains that when the debtor in a converted case has not previously prepared a schedule of assets, he must do so as if a chapter 7 petition had been filed *on the date of conversion.* Since debtors must claim exemptions in the schedule of assets (bankruptcy Rule 4003(a)), Rule 1019(1) strongly suggests that the date of conversion controls what exemptions may be claimed in a converted case.

*Lindberg* at 1090–1091.

Third, for all practical purposes, the $2,100 equity in the debtor's home which is attributed to debt reduction is included in the Chapter 7 bankruptcy estate as of the date of conversion. The homestead exemption should be determined as of the date the property is included in the Chapter 7 bankruptcy estate.

Fourth, Congress has encouraged debtors to file a Chapter 13 case by permitting them to dismiss the case or convert the case to Chapter 7 without detrimental consequences. Congress intends to provide Chapter 13 debtors a fresh start as of the date they file a Chapter 13 case. These purposes would be frustrated if a debtor was not permitted to claim an exemption with respect to equity which came into existence in their home after the filing of the Chapter 13 case. Indeed, to deny a debtor such an exemption would frustrate the Congressional purpose because it would penalize debtors for having unsuccessfully sought to make payments to creditors in a Chapter 13 case.

For these reasons, I conclude that the debtor's eligibility for the Nebraska Homestead Exemption is determined as of the conversion date. As of that date, it is undisputed that the debtor was eligible for the homestead exemption.

In summary, $9,500 in value of debtor's home does not constitute property of this Chapter 7 bankruptcy estate under § 348(f). The remaining $2,100 equity in debtor's home does, in first instance, constitute property of this Chapter 7 estate under § 541, but this equity is then excluded from the estate under § 522 because it constitutes exempt property.

A separate order will be entered overruling the Trustee's Objection to Claim of Exemption.