**In re Sherman Logan WOODLAND, Debtor.**

**No. 01–33536–WHB.**

United States Bankruptcy Court, W.D. Tennessee.

May 11, 2005.

Irving S. Zeitlin, Memphis, TN, for Debtor.

James E. Bailey III, Memphis, TN, for Chapter 7 trustee.

Richard D. Cartwright, Covington, TN, for Bank of Mason.

**MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION TO RETAIN [REDEEM] VEHICLE, DENYING TRUSTEE'S MOTION FOR TURNOVER AND DENYING THE TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIMED EXEMPTION IN THE VEHICLE**

WILLIAM H. BROWN, Bankruptcy Judge.

These matters are before the Court on (1) the Debtor's motion to redeem his 2000 GMC Sierra pickup truck for $0 and the Chapter 7 trustee's objection to the Debtor's motion, (2) the Chapter 7 trustee's motion to compel the Debtor to turn over the vehicle and the Debtor's objection to

the trustee's motion, and (3) the trustee's objection to the Debtor's claimed exemption in the vehicle with the Debtor's responses to the trustee's objection. For the reasons stated below, the Court concludes that the Debtor's motion to retain possession of the vehicle will be granted, but for reasons different from redemption, while the trustee's motion for turnover of the vehicle will be denied, and the trustee's objection to the Debtor's claimed exemption in the vehicle will be overruled. These are core proceedings, 28 U.S.C. § 157(b)(2)(A), (B) and (E), and this memorandum opinion and order consists of the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

## FACTUAL SUMMARY

The facts of this case are undisputed. Mr. Woodland ("Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code and his proposed Chapter 13 plan on September 6, 2001. The Debtor's Schedule D listed the Bank of Mason as a secured creditor holding a security interest in the Debtor's 2000 GMC truck, valued by the Debtor at $15,025, with the Bank's claim listed as $22,000. The Chapter 13 plan provided payments of $475 per month, including interest at a rate of 9%, on the secured debt to the Bank. The Bank made no objection to confirmation of this proposed plan term and valuation, and the Chapter 13 plan was confirmed on November 21, 2001. The Bank subsequently filed two claims in the case, consisting of one for $15,025 secured by the vehicle and one for $11,697.31 designated as unsecured. Orders allowing these claims were entered. As a result of the combination of these pleadings, there is no denying that a valuation was made in the Chapter 13 case.

The Bank's secured claim, which included interest, was paid in full during the course of the Debtor's Chapter 13. Prior to completion of the Chapter 13 plan, however, on January 17, 2005, the Debtor voluntarily converted his case to Chapter 7. The Chapter 7 petition asserts an exemption in the vehicle for 100% of the current market value, which was scheduled as $11,425. An amendment to Schedule C reiterates the Debtor's claimed 100% exemption, with no amount stated in this amendment but asserting that the Bank's secured claim was paid in full during the Chapter 13 case.

The Debtor has filed a motion under § 722 to redeem the vehicle for $0, based on the undisputed fact that the Bank's allowed secured claim was paid in full through the Debtor's Chapter 13 plan. The Chapter 7 trustee objects to the Debtor's motion, contending that such a redemption would be effectively an "installment redemption" proscribed by the Sixth Circuit's ruling in *General Motors Acceptance Corp. v. Bell (In re Bell)*, 700 F.2d 1053 (6th Cir.1983), which declared that the sole method for redemption under § 722 is by a lump sum payment.

In addition, the trustee has filed a motion to compel turnover of the vehicle, alleging that the truck is property of the Chapter 7 bankruptcy estate under §§ 348 and 541. The Debtor again argues that the vehicle is exempt from the estate. The trustee has objected to the claimed exemption, and the Debtor now asserts that the trustee's objection is untimely.

The Bank of Mason has not filed pleadings at this point, but is watching the outcome to determine if it has a basis to contend that the trustee's recovery of the vehicle would entitle the Bank to further payment from the estate.

## ISSUES

The issues raised by the parties may be summarized by asking whether the Debtor should be permitted to retain his vehicle

when the allowed secured claim against the vehicle was satisfied in the Chapter 13 case prior to conversion to Chapter 7, or whether the vehicle is subject to turnover as property of the Chapter 7 bankruptcy estate. The outcome of the Court's decision is driven by the language of § 348, governing the effect of conversion of the case.

## DISCUSSION

■ Although the Debtor's motion is styled as a motion to redeem the vehicle, the Court finds that the circumstances presented do not fit comfortably within the purview of § 722, which provides a debtor's right to redeem personal property from a Chapter 7 estate, stating that a debtor may "redeem tangible personal property intended primarily for personal, family, or household use, *from a lien* securing a dischargeable consumer debt, if such property is exempted...or has been abandoned...by paying the holder of *such lien* the amount of the *allowed secured claim* ...." 11 U.S.C. § 722 (emphasis added). In this case, the lien of the Bank has been satisfied in full and there is no need for the Debtor to redeem the collateral. The Court will, however, examine the substance of the Debtor's motion to determine the Debtor's right to retain the vehicle, concluding that *In re Bell,* 700 F.2d 1053, is inapplicable to this converted case.

Section 348(f), which was amended in 1994, speaks to the essence of the issues presented in this case:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession

of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f). It is clear that the reference to "the petition" in subparagraph (1)(A) refers to the original Chapter 13 petition filed when the case was first commenced. This is so because § 348(a) specifically says that conversion of the case does not change the date of the filing of the original petition. The Court will apply the statute's plain meaning.

There was no proof presented that this Debtor converted the case in bad faith, so § 348(f)(2) does not come into play. Section 348(f)(1) dictates two things: Property of the estate in the Chapter 7 phase of this case consists of property of the estate as of the time of the commencement of the Chapter 13 if that property remains in the Debtor's possession or control, and valuations made in the Chapter 13 continue into the Chapter 7 phase. Conversion can't ignore those two factors. This Debtor still has possession of the subject truck and maintains insurance on it as his vehicle.

"The legislative history [of the 1994 amendments to § 348(f) ] states that Congress intended to 'clarify' the fractured case law, in favor of the view that consumer debtors should not be penalized at conversion for attempting and failing in a Chapter 13 case." Hon. Keith M. Lundin, CHAPTER 13 BANKRUPTCY, 3D EDITION § 316.1, at 316–1 (2000 & Supp.2004)

(quoting 140 Cong. Rec. H10, 752). While some courts have continued to deny a debtor the full benefits of payments made on secured claims in the Chapter 13 phase, for example by finding that payments amounted to appreciation in value that should benefit the Chapter 7 estate, see *In re Wegner,* 243 B.R. 731 (Bankr.D.Neb. 2000), this Court finds such a result to be contrary to the statute and the congressional intent.

While the statute could perhaps have been written more clearly, it is not ambiguous. Perhaps the most persuasive support for what the 1994 amendment means is found in Congress's recent amendment of the statute again, reversing what it had previously said. In the 2005 amendments of the Code, which don't take effect as to this section until October 17, 2005, § 348(f) is amended to provide that valuations of property and secured claims made in the Chapter 13 case will not be applicable if the case is converted to Chapter 7, and the claim of a secured creditor will continue to be secured in the conversion to Chapter 7 unless the secured claim has been paid in full under nonbankruptcy law. In other words, when a case is converted from Chapter 13 to Chapter 7 under the post-October 17 Code, the Debtor will not get the complete benefit of payments made under a Chapter 13 plan unless the secured claim has been paid in full under its prebankruptcy contractual terms. This is a 180 change from the present provision. If the current statute does not mean that a Chapter 13 debtor retains the benefit of payments made on allowed secured claims, Congress would have not found a reason to turn it upside down. The Chapter 7 trustee is essentially attempting to benefit from the future statute's meaning, which is not applicable to this case.

At the time the Debtor filed his Chapter 13 petition, he had no equity in the vehicle to become part of the Chapter 13 bankruptcy estate. His possessory interest did become part of the Chapter 13 estate. His schedules show no equity at that time and an undersecured claim of the Bank of Mason. The equity in the vehicle that currently exists is, in essence, an "after-acquired" interest of the Debtor, accruing as a result of the Debtor's payments into the Chapter 13 plan. This is within the scope of what § 348(f)(1) permits. Since property of the Chapter 7 estate relates back to what was property of the bankruptcy estate when the Chapter 13 was commenced and since the Debtor still has the vehicle in his possession, the present "equity" in the vehicle does not belong to the Chapter 7 trustee or to unsecured creditors of this estate.

■ "The spirit of § 348(f)(1)(A) is best captured by a rule that property acquired by the Chapter 13 estate or by the debtor after the Chapter 13 petition does not become property of the Chapter 7 estate at a good-faith conversion. The method of acquisition after the Chapter 13 petition should not matter...." Lundin, Chapter 13 Bankruptcy, 3d Edition § 316.1, at 316–18. In this case, the Debtor's acquired equity in the vehicle did not become property of the Chapter 7 estate upon conversion pursuant to § 348(f)(1)(A), and there is no need for the Debtor to redeem or exempt that post-petition interest.

■ In addition, § 348(f)(1)(B) provides that the allowed secured claim on the vehicle is reduced by the amounts paid in the Debtor's Chapter 13 case, here the full amount. Therefore, as required by § 348(f)(1)(B), the Bank's lien on the vehicle was fully satisfied and the lien does not spring back into force upon conversion. Again, the result in this case is different from what will occur under the 2005 amendments to § 348(f), but the Court must apply the law in effect for this case.

In cases such as this, where a Chapter 13 debtor has fully paid the allowed secured claim, attempting to redeem for $0 is meaningless, in fact adding confusion to the equation. Since redemption is allowable only when the property is exempt or abandoned, a debtor's effort to redeem introduces a question in creditors' and the trustee's minds about the amount of the exemption. The debtor should not need to amend the exemption claim, which only introduces a new opportunity for objections to amended exemptions under Bankruptcy Rule 4003(b), since the exemptions relate back to what was in the estate upon commencement of the Chapter 13. In this case, the Debtor's amended exemption Schedule C merely said that the vehicle was fully exempt as a result of payment of the secured claim. It is not accurate to say that the equity is now exempt, since that equity is not recognized as a part of the Chapter 7 estate. If a Chapter 7 debtor still owed some money on the secured claim as allowed in the pre-conversion Chapter 13, redemption by paying lump sum that balance owed may be appropriate, but even then, redemption does not comfortably fit since the equity acquired in the Chapter 13 does not become property of the estate. When the secured claim has been paid in full, as in this case, redemption is simply not applicable. The secured claim and lien have been satisfied in full, and the pre-conversion acquisition of equity never comes into the Chapter 7 estate. The Court could rule that the redemption motion is a nullity, but that would leave the parties uncertain how to proceed; therefore, the Court looks to the substance of that motion.

### CONCLUSION AND ORDER

For the reasons set forth herein, the Debtor's motion, which in substance is a motion to retain his vehicle, is **GRANTED**, since the Bank's lien on the vehicle was satisfied in full in the Debtor's Chapter 13 case by payment of the allowed secured claim. Because the Debtor's pre-conversion acquisition of equity in the vehicle did not become part of the Chapter 7 bankruptcy estate pursuant to § 348(f)(1), the trustee's motion for turnover of the vehicle is **DENIED**. The Debtor did not need to amend his claimed exemptions, since there was no equity to exempt at the time of commencement of the Chapter 13, and for that reason the trustee's objection to the Debtor's exemption in the vehicle is **OVERRULED**. The Bank of Mason is not a party to these contested matters, but if the Debtor and Bank can't agree upon formal release of the Bank's lien, the Debtor may file additional pleadings as may be necessary.