**In re Katherine A. PETERSON, Debtor.**

**Bankruptcy No. 89–03778–7.**

United States Bankruptcy Court,
D. Idaho.

Dec. 22, 1993.

Jay A. Kohler, Hart & Kohler, Idaho Falls, ID, for debtor.

Craig Christensen, Pocatello, ID, for First Sec. Bank of Idaho.

Jim Spinner, Service, Gasser & Kerl, Pocatello, ID, for L.D. Fitzgerald, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

First Security Bank of Idaho, N.A. ("Bank") has moved for relief from the section 362 automatic stay in this chapter 7 case in order to pursue non-bankruptcy remedies concerning a 1988 Ford Escort automobile. The chapter 7 trustee has moved for an order requiring the debtor to turnover to him the same property. The debtor has responded to the motion for turnover by stating she will voluntarily surrender the vehicle to the trustee at a location in Boise, Idaho, where the vehicle is presently located in an inoperable condition. The Bank wants relief from the stay so it can repossess the vehicle under the terms of the original contract between the Bank and the debtor.

In opposing the Bank's motion, the trustee contends the debtor owes only an insignificant amount to fully pay the Bank's remaining interest in the security. He proposes to pay the Bank this amount, then liquidate the vehicle for the benefit of the chapter 7 creditors. The dispute centers on the present amount owed the Bank; whether it is the balance due under the original contract, or the allowed amount of the Bank's claim in a prior chapter 13 case. Over $6,000.00 is due under the original contract. Only slightly in excess of $300.00 is owed under the chapter 13 valuation.

### FACTS

The debtor purchased the 1988 Ford Escort automobile in May of 1988. She gave a note to the Bank in the amount of $9,150.33 and the Bank obtained and perfected its security interest in the vehicle.

In December of 1989, the debtor filed her chapter 13 petition in this Court. At the time of the filing of the petition, there was due the Bank $7,805.87. The allowed amount of the debtor's secured claim was determined under sections 506(a)[1] for purposes of section 1322(b)(2)[2] and the debtor continued making monthly payments to the Bank during the process of the chapter 13 case in accordance with that value.

The chapter 13 case was converted to a case under chapter 7 in July of 1993. The record does not show the present value of the vehicle, but it is worth more than the $300.00 remaining due under the chapter 13, and much less than the $6,000.00 remaining due under the original contract.

In essence then, the trustee claims he succeeds to the value of the allowed amount of the Bank's secured claim as established by

---

**1.** 11 U.S.C. § 506(a) provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

**2.** 11 U.S.C. § 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

\* \* \* \* \* \*

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; ....

11 U.S.C. § 1322(b)(2).

the December, 1990 order in the chapter 13 case. The Bank, on the other hand, contends it is entitled to the amount remaining due under the original contract of sale as a result of the debtor's failure to complete the chapter 13 plan.

## DISCUSSION

Both parties rely for their respective positions on cases dealing with the right of a converted chapter 7, from chapter 13, debtor to redeem property at the section 506(a) value established in the chapter 13 proceedings.

In *In re Bunn*, 128 B.R. 281 (Bankr.D.Idaho 1991), Judge Pappas held a chapter 7 debtor was entitled to redeem personal property at a value established under section 506(a) in the chapter 13 proceeding. That case relied upon *In re Hargis*, 103 B.R. 912 (Bankr.E.D.Tenn.1989), and 5 L. King, *Collier on Bankruptcy* ¶ 1300.73[4] at 1300–148–149 (15th Ed.1990), in support of this conclusion.

There are cases to the contrary. In *Gammon v. Chrysler Credit Corp. (In re Gammon)*, 155 B.R. 15 (W.D.Okla.1993), the district court upheld a bankruptcy judge's decision to not allow a converted chapter 7 debtor to use the chapter 13 section 506(a) value for purposes of redemption. The basis of the decision was that to allow the chapter 7 debtor to use the chapter 13 value would be contrary to the United States Supreme Court decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Since *Dewsnup* forbids lien stripping in a chapter 7 case, the *Gammon* court held allowing the use of the chapter 13 value for redemption purposes would amount to the prohibited lien stripping. The *Gammon* court feared debtors would abuse this process by obtaining a valuation in a chapter 13 case and then converting to chapter 7 to obtain the stripped-down lien.[3]

It is hard to appreciate the *Gammon* rationale. *Cf. Ford Motor Credit Co. v. Pickett (In re Pickett)*, 151 B.R. 471, 474 (Bankr. M.D.Tenn.1992) (refusing to follow *Dewsnup* where debtor sought to redeem property after conversion from chapter 13 to chapter 7; *Dewsnup* is expressly limited to its facts). To the extent the redemption cases are applicable, the *Bunn* decision is the better reasoned and correctly states the law in the District of Idaho.

The present case, however, does not involve a redemption, which is governed by 11 U.S.C. § 722. The trustee succeeds to the property as property of the estate under the provisions of 11 U.S.C. § 541(a)(1)[4]. He has the duty to liquidate the property under the provisions of 11 U.S.C. § 704(1)[5]. The only issue is the extent of the Bank's lien in the property. There do not appear to be any cases directly on point.

Despite the manner in which this issue has been framed, the real question before the Court regards application of the payments made by the debtor in the now-defunct chapter 13. The Bank's position is, in effect, that the collapse of the chapter 13 permits the Bank to retain those payments as a windfall. The trustee's position, in contrast, is that those payments should and must be credited

---

3. *See also Dennis v. W.S. Badcock Corp. (In re Dennis)*, 31 B.R. 128 (Bankr.M.D.Ga.1983) which held the debtor could not avoid a lien where the case was converted from chapter 13 to chapter 7, even though the full amount of the allowed secured claim had been paid through the chapter 13 plan. The court rejected the contention it was a redemption, since a redemption must be in the form of a lump-sum payment, not installments.

4. 11 U.S.C. § 541(a)(1) provides:

   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. . . .
   11 U.S.C. § 541(a)(1).

5. 11 U.S.C. § 704(1) provides:

   The trustee shall—
   (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest; . . . .
   11 U.S.C. § 704(1).

against the secured value determined in the chapter 13.

This analysis indicates the proper conclusion for the Court. Had the debtor merely filed chapter 7, or surrendered the security to the Bank at the beginning of the chapter 13, the Bank would have received its security or the full value thereof. Instead, the debtor filed chapter 13, and was later forced to convert to chapter 7. The Bank's proposed interpretation enables it to retain the payments made during the chapter 13, plus obtain the security or the value thereof on conversion to chapter 7. If the property's value has not depreciated, or has in fact appreciated, the Bank obtains a windfall of the amount of the chapter 13 payments plus the amount of any appreciation in the security. Given that the chapter 13 payments are made from property of the estate in chapter 13, this benefit to the Bank comes at the expense of unsecured creditors. Only if the debtor's chapter 13 payments total less than the depreciation of the security would the Bank receive less than the amount it would have received in a chapter 7.

Permitting the trustee to obtain the security on payment of the remainder of the amount owing under the chapter 13 plan protects all interests. The Bank receives as much as it would have received in a chapter 7 bankruptcy. The Bank is protected against the situation where the property's depreciation exceeds the amount of the chapter 13 payments. The estate, and therefore the unsecured creditors, are benefitted by recovering some of the property of the estate that had been devoted to service of the Bank's secured debt.

The Bank's motion for relief from the section 362 automatic stay is denied. The motion of the trustee for turnover of the vehicle will be granted. A separate order will be entered.