**In re Michelle D. PAGE, Debtor.**

**No. 97–13925–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

June 26, 2000.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for J. Christopher Marshall.

Darlene M. Daniele, Salem, NH, for debtor.

Edmond J. Ford, Ford & Weaver, Noble's Island, Portsmouth, NH, for trustee.

Lawrence P. Sumski, Amherst, NH, trustee.

*MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it the trustee's motion to employ a realtor in order sell real property of the Debtor, which is her homestead. This case was commenced under Chapter 13 on October 20, 1997 and confirmed on December 18, 1998. On December 20, 1999, it was converted to Chapter 7 after the Debtor was unable to make payments under the plan.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**DISCUSSION**

The Debtor objected to the motion to employ the realtor on the grounds that the trustee is bound by the provisions of 11 U.S.C. § 348(f), and there is no equity in the property for the trustee to sell. Section 348(f) provides:

(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the

possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f). It is the Debtor's position that § 348(f) mandates that the trustee is bound by the value of the real estate as of the date of the original petition, which she claims to be $65,000, and that the trustee cannot benefit from the appreciation of the property, which the trustee now claims to be worth $110,000. The trustee, on the other hand, argues that there was no valuation of the property during the Chapter 13 proceeding and, thus, section 348(f)(1)(B) is not applicable.

█ The Court agrees with the Debtor and denies the application to employ. Based on the $65,000 valuation, there was no equity in the property for the trustee to sell.

█ Subsection (f) of section 348 was added to the Bankruptcy Code in October 1994 in an effort to induce individuals to file under Chapter 13. Under this section, absent a showing of bad faith, property of the estate of a converted case consists of the property at the date of the filing, and valuations of property and allowed secured claims are binding in the converted case. In the instant case, there is no allegation of bad faith, and the Court sees no reason to distinguish between property acquired after the original petition date which is clearly not part of the Chapter 7 estate from appreciation of property during a Chapter 13 proceeding.

Section 348(f) does not define what constitutes a valuation. Clearly, there was no specific hearing on valuation of the Debtor's real estate during the Chapter 13 proceeding. However, the Debtor listed the value of the real estate in her schedules as $65,000, which was not objected to. The Debtor's confirmed plan provided for payment of fifty dollars per month to the Chapter 13 trustee for a total of $1,800 during the course of the plan. Inherent in confirming the Chapter 13 plan, the Court must find that the creditor would receive more under the plan than in a Chapter 7 liquidation. 11 U.S.C. § 1325(a)(4). The Court, in confirming the plan and making the above finding, relied on the value of the property as scheduled. Therefore, the Court finds that relying on the value of the property as scheduled in the confirmation process is, in fact, the valuation for purposes of section 348(f).

## CONCLUSION

For the reasons stated above, the Court sustains the Debtor's objection and denies the Trustee's motion to employ a realtor. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.