### In re Paul and Teresa KUHLMAN, Debtors.

### No. 99–13899.

United States Bankruptcy Court,
N.D. California.

Oct. 6, 2000.

---

19. *Id.* at 931.

20. *Id.*

21. *Id.*

22. *Id.*

Paul Joseph Kuhlman, Windsor, CA, Pro se.

Theresa Marie Kuhlman, Windsor, CA, Pro se.

Raymond A. Carey, Sebastopol, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

I. Introduction

The issue now before the court is ownership of post-petition appreciation in a Chapter 7 case which was converted from a Chapter 13. Since the property in question is a subdivision home and there have been several sales of similar homes at all relevant times, the court is able to make the factual findings without difficulty.[1] The primary task of the court is to apply the proper law to this situation.

Debtors Paul and Teresa Kuhlman filed a Chapter 13 petition on December 30, 1999. At that time, their residence at 7069 Eton Lane, Windsor, California, was worth $275,000.00. It was encumbered for $182,000.00, and the Kuhlmans were entitled to a $75,000.00 homestead exemption. Thanks to a rising real estate market, the property was worth $290,000.00 just three months later, on March 28, 2000, when they converted their case to Chapter 7. No plan was ever confirmed, nor were there any other proceedings of substance while the case was in Chapter 13.

The Chapter 7 trustee, Raymond Carey, had some difficulty gaining access to the property to assess whether he desired to

---

1. Both sides presented appraisal testimony of competent, credible experts. They were in substantial agreement with each other, allowing the court to fix the value of the property at the relevant times with considerable confidence.

assert an interest in it on behalf of the estate. After gaining entry, he determined that the property was worth far more than the scheduled amount and listed the property for sale. He was able, in relatively short order, to find a buyer at $345,000.00. Two matters are now before the court: the trustee's motion to approve the sale and the Kuhlmans' motion to compel abandonment.

There are two issues for the court to decide. First, the court must determine if the estate has any interest in the property and grant the Kuhlmans' motion to abandon the property if it does not. Second, if abandonment is not ordered the court must determine of the Kuhlmans are entitled to anything more than their homestead exemption on account of the appreciation of the property while the case was in Chapter 13.

## II. Abandonment

 There is no validity, under any facts, to the Kuhlmans' claim that the trustee must be forced to abandon the property. The court finds that the property was worth $275,000.00 on the date they filed their petition. Deducting the $182,000.00 mortgage and the $75,000.00 homestead leaves the estate with an interest of $18,000.00. Moreover, even if the court had adopted the value of the Kuhlmans' appraiser at $266,500.00 the estate would still have a $9,500.00 interest. The Kuhlmans' argument that the court must deduct hypothetical costs of sale and bankruptcy trustee compensation has been specifically rejected by the Court of Appeals. *In re Hyman,* 967 F.2d 1316, 1320 (9th Cir.1992). Accordingly, their motion to compel abandonment must be denied and the trustee's sale approved.

## III. Entitlement to Postpetition Appreciation.

 If this case had been filed as a Chapter 7, then there would be no difficult

issue to decide; postpetition appreciation belongs to the estate. *In re Reed,* 940 F.2d 1317, 1323 (9th Cir.1991); *In re Hyman, supra,* at 1321. However, in 1994 Congress enacted § 348(f) of the Bankruptcy Code, which provides:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

The court is in substantial agreement with *In re Page,* 250 B.R. 465 (Bkrtcy. D.N.H.2000). In that case, the court found that confirmation of a Chapter 13 plan is an implicit valuation which meets the requirement of § 348(f)(1)(B), so that postpetition appreciation belongs to the debtor. However, there are two crucial factual distinctions which make Page inapplicable here. First, in Page there was no equity over and above the encumbrances and the homestead exemption when the petition was filed; in this case, there was considerable equity. Second, in Page there was a confirmed plan. In this case, no plan was ever confirmed.[2]

---

**2.** The only other case the court has found dealing with appreciation of real estate while a case was in Chapter 13, *In re Wegner,* 243

B.R. 731 (Bkrtcy.D.Neb.2000), also was a case with a confirmed plan.

The Kuhlmans would have the court read "valuations" in § 348(f)(1)(B) as "values." However, this is not the language Congress used. The courts are already interpreting the statute liberally by considering confirmation of a plan to be an implicit valuation. There is no basis for reading the valuation requirement out of the law altogether. Since the Kuhlmans never obtained confirmation of a plan while they were in Chapter 13, and their home was never otherwise valued for any purpose during that time, they do not meet the valuation requirement of § 348(f)(1)(B) and the statute is, accordingly, not applicable to this situation. Therefore, all of the appreciation in the property, including the appreciation applicable to the time the case was in Chapter 13, belongs to the bankruptcy estate.

## IV. Conclusion

The Kuhlmans' motion to compel abandonment must be denied, as the estate has a substantial interest in their residence. That interest has existed from the day the Kuhlmans filed their Chapter 13 petition, and has increased substantially due to appreciation.

Since nothing of substance occurred in the three months this case was in Chapter 13, and since the Kuhlmans never obtained confirmation of a Chapter 13 plan, there was never an express or implicit valuation of their residence. Accordingly, the Kuhlmans are entitled only to their homestead exemption. They are not entitled to an additional $15,000.00 out of the sale proceeds on account of the postpetition, preconversion appreciation.

For the foregoing reasons, the Kuhlmans' motion to compel abandonment will be denied and the motions of the trustee for approval of the sale and for turnover will be granted. Counsel for the trustee shall submit an appropriate form of order.