**In re Elizabeth Ann BALLARD, Debtor.**

**Bankruptcy No. 00–14668.**

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Feb. 26, 2001.

Robert Vandiver, Jr., Jackson, TN, for debtor.

Harold Johnson, Jackson, TN, for GMAC.

Marianna Williams, Dyersburg, TN, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER RE Motion to Redeem Collateral from GMAC

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a hearing on the debtor's Motion to Redeem Collateral From GMAC on February 14, 2001. Fed. R.Bankr.P. 9014. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. After reviewing the testimony from the hearing and the record as a whole, the Court makes the following findings of facts and conclusions of law. Fed.R.Bankr.P. 7052.

### I. FINDINGS OF FACTS

At issue in this matter is the value of the debtor's 1999 Chevrolet Cavalier. GMAC has a lien on this vehicle in the approximate amount of $15,963.39. An order granting relief from the automatic stay and abandoning the Cavalier to GMAC was entered in this Court on January 18, 2001. The wholesale and retail values of the vehicle are listed in this order as $8,025.00 and $9,820.00 respectively. The debtor's attorney, GMAC's attorney and the chapter 7 trustee in this case all signed off on the order prior to it being approved by the Court.

The parties in this matter disagree as to the appropriate valuation standard for determination of GMAC's allowed secured claim under 11 U.S.C. § 506 for purposes of redemption under 11 U.S.C. § 722. Aside from the amounts/values listed in the January 18th order granting relief from the stay and 2 photocopied pages from the NADA book, no evidence was presented to the Court about the particular characteristics of the debtor's Cavalier. There was an appraisal attached to the Debtor's Motion to Redeem which listed the Cavalier's value as $7,925.00. The ap-

praisal was prepared by a division of 722 Redemption Funding, Inc., for purposes of loaning the debtor money to redeem the vehicle. When questioned about this appraisal by counsel for GMAC at a 2004 examination, the debtor stated that the person appraising the Cavalier did not actually see the car, but, rather, based their valuation on details about the car that the debtor had given them over the phone.

## II. CONCLUSIONS OF LAW

Section 722 of the Bankruptcy Code provides:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 722. The phrase "allowed secured claim" is defined in § 506(a) as follows;

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Such value shall be determined in light of purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

In the case of *Triad Fin'l. Corp. v. Weathington (In re Weathington)*, 254

B.R. 895 (6th Cir. BAP 2000), the Bankruptcy Appellate Panel for the Sixth Circuit held that the appropriate valuation standard for purposes of a § 722 redemption is the liquidation, or wholesale, value of the collateral. *Id.* at 900. In so making their decision, the BAP conducted a thorough analysis of the U.S. Supreme Court's decision in *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997), which dealt with valuation in a Chapter 13 cramdown, and post-*Rash* cases which have dealt with valuation in Chapter 7 redemptions.

In *Rash*, the Supreme Court held that "pursuant to § 506(a), the value of property retained when the debtor utilizes the cramdown provision of § 1325(a)(5)(B) is 'the cost that the debtor would incur to obtain a like asset for the same proposed ... use.'" *Weathington*, 254 B.R. at 898 (citing *Rash*, 520 U.S. at 965, 117 S.Ct. 1879). The court in *Weathington* was not bound by the *Rash* opinion because *Rash* dealt with valuation in the context of a Chapter 13 cramdown, while the *Weathington* court was dealing with valuation in the context of a Chapter 7 redemption:

> After *Rash*, the bankruptcy court decisions addressing the valuation of collateral in the context of a Chapter 7 redemption have recognized that the use and disposition of collateral in the Chapter 7 redemption context is quite different from the Chapter 13 cramdown context. These decisions have thus determined that the replacement value is not an appropriate valuation standard. Rather, these cases conclude that the creditor's allowed secured claim in these circumstances should be determined by the liquidation [or Wholesale] [1] value, the amount that the creditor would receive if the creditor repossessed and sold the collateral in the manner most beneficial to the creditor.

*Weathington*, 254 B.R. at 899 (citations omitted). In making their decision, the

---

**1.** *See Weathington,* 254 B.R. at 899, fn. 1.

*Weathington* court relied heavily on the case of *In re Donley* 217 B.R. 1004 (Bankr. S.D.Ohio 1998):

> A determination of value is made on the basis of the proposed use and disposition of the collateral, as *Rash* holds. Appreciating the economic realities, *Donley* recognized that the disposition is different when a debtor redeems property in Chapter 7 by paying off the creditor, as opposed to the disposition in Chapter 13 in which a debtor continues making payments to the creditor over time and the creditor incurs the dual risks of both loss of payment and loss of value as the collateral deteriorates over time. In contrast to the Chapter 13 cramdown scenario described in *Rash,* there is no distinction between the economic consequences to the creditor between surrender and redemption in Chapter 7.

*Weathington,* 254 B.R. at 900.

Based on the holding by the Bankruptcy Appellate Panel of the Sixth Circuit in *Weathington,* this Court finds that in the context of a § 722 redemption, the appropriate valuation standard is the liquidation or wholesale value. Because no evidence was presented as to why the appraisal value of $7,925.00 was lower than the wholesale value of $8,025.00 listed in the January 18th order lifting the stay, the Court hereby holds that the redemption value of the debtors 1999 Chevrolet Cavalier is $8,025.00.

### III. ORDER

It is therefore **ORDERED** that the Debtor's Motion to Redeem Collateral From GMAC is **GRANTED.** The redemption value of the 1999 Cavalier is **HEREBY DETERMINED** to be the wholesale value of $8.025.00.

**It is so ordered.**