**In re James DEAN and Patsy Dean, Debtors.**

**No. 99–12067.**

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Aug. 12, 2002.

Robert Vandiver, Jackson, TN, for Debtors.

Brad Sigler, Jackson, TN, for No. 1 Used Cars.

## MEMORANDUM OPINION AND ORDER RE MOTION TO REDEEM VEHICLE

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a hearing on the Debtors' Motion to Redeem Vehicle on July 10, 2002. FED. R. BANKR. P. 9014. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. After reviewing the testimony from the hearing and the record as a whole, the Court makes the following findings of facts and conclusions of law. FED. R. BANKR. P. 7052.

### I. FINDINGS OF FACT

Pursuant to the Court's directive, the parties in this matter filed the following stipulated facts:

1. The Debtors filed a Chapter 13 bankruptcy on July 1, 1999, under case number 99–12067.

2. In their petition, the Debtors listed a debt to No. 1 Used Cars.

3. Pursuant to their Chapter 13 plan, Debtors paid No. 1's claim as follows: $4,175.00 secured value at 10.00% with monthly payments of $115.00.

4. [The Debtors converted their case to Chapter 7 on June 3, 2002.] At the time the Debtors converted their case, No. 1 Used Cars had been paid $4,100.23 of principle and $613.82 in interest payments, leaving principle owed in the amount of $74.77.

5. No. 1 Used Cars also filed a split claim of $1,961.27, which would have been paid 30%, or $588.38, had the Debtors completed their Chapter 13 bankruptcy.

6. The Debtors seek to redeem the vehicle for the amount left owing on the secured portion of No. 1 Used Cars' claim, that being $74.77.

7. No 1's position is that Debtors should pay the remaining secured portion and an additional $588.38, which represents the percentage that would have been paid on their unsecured split claim had the Debtors completed their Chapter 13 plan.

### II. CONCLUSIONS OF LAW

The interplay of three separate code sections are at the root of the issue before the Court today. First, § 722 of the Bankruptcy Code allows a debtor to "redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, ...by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." 11 U.S.C. § 722. Secondly, § 348(f)(1) states that:

... when a case under chapter 13 of this title is converted to a case under another chapter under this title-

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

11 U.S.C. § 348(f)(1)(A)—(B). Thirdly, the phrase "allowed secured claim" is defined in § 506(a) as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

In the case of *In re Ballard,* 258 B.R. 707 (Bankr.W.D.Tenn.2001), this Court held "that in the context of a § 722 redemption, the appropriate valuation standard is the liquidation or wholesale value" of the collateral. *Id.* at 709. That case, however, involved a very different fact situation than the one at bar. Here, the Deans originally filed bankruptcy under chapter 13 of the code. They made plan payments under their chapter 13 plan for approximately three years, with No. 1 Used Cars receiving a total of $4714.05.

In *Ballard,* the debtor originally filed her case as a chapter 7. The secured creditor in that case, GMAC, had not received any payments under a plan of reorganization filed with this Court. These differences, when taken in conjunction with 11 U.S.C. § 348(f), dictate that the Court's holding in *Ballard* does not control in this case.

In 1994, the Sixth Circuit issued a decision in the case of *Liberty Nat'l. Bank & Trust Co. of Louisville v. Burba (In re Burba),* 42 F.3d 1388 (6th Cir.1994). The opinion was originally filed as a published one, but was later designated as an unpublished opinion. *(See, Burba,* 1994 WL 709314 at FN \*). Although unpublished opinions are not binding on courts in the Sixth Circuit, *Burba's* holding is worth mentioning in order to illustrate § 348(f)'s impact on the decision in the case at bar. Prior to 1994, courts faced with redemption in the context of a converted chapter 13 case were divided as to what point in time the collateral's value was to be determined. Some courts held that the redemption value was the value of the allowed secured claim as established in the chapter 13 case. *In re Stoddard,* 167 B.R. 98 (Bankr.S.D.Ohio 1994); *In re Cooke,* 169 B.R. 662 (Bankr.W.D.Mo.1994); *In re Peterson,* 163 B.R. 581 (Bankr.D.Idaho 1993). While others, including the *Burba* court, held that "bifurcation of the claim pursuant to § 506(a) and stripping down the lien to the value of the collateral in a Chapter 7 proceeding does not survive for redemption purposes upon conversion to Chapter 7." *Burba,* 1994 WL 709314 at \*9.

Section 348(f) was added to the Bankruptcy Code in 1994. The plain language of § 348(B), *"valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan,"* expressly

overrules the *Burba* court's finding that the redemption value is determined independent of the value given to the collateral in the chapter 13 setting. Since § 348(f) was enacted, only three cases have been published interpreting its effect on valuation in the redemption context. The cases are unanimous in holding that:

> where a creditor's secured claim is determined in a Chapter 13 case that subsequently converts to Chapter 7, in order to redeem under Section 722, the debtor need only pay the remaining Chapter 13 claim balance, regardless of the collateral's current value

*In re Rodgers,* 273 B.R. 186, 193 (Bankr. C.D.Ill.2002); *In re Archie,* 240 B.R. 425, 429 (Bankr.S.D.Ala.1999); *In re Hawkins,* 2000 WL 33673761, *2 (Bankr.M.D.N.C. 2000); *see also, In re Pearson,* 214 B.R. 156, 165–66 (Bankr.N.D.Ohio 1997) (in dicta the court stated that if a lien were subject to redemption in chapter 7, then debtor could have redeemed property with no additional payment upon conversion from chapter 13 to chapter 7 based on new § 348(f)(1)(B)).

In the case at bar, No. 1 Used Cars was included in the debtors' confirmed chapter 13 plan with a secured claim of $4,175.00 at 10% and with a general unsecured claim in the amount of $1,961.27. During the pendency of the debtors' chapter 13 case, No 1 Used Cars received payments totaling $4,714.05 on their secured claim. The total value of their allowed secured claim was $4,788.82, thereby leaving an unpaid balance on their secured claim of $74.77. Based upon § 348(f) and the caselaw interpreting that section, the Court finds that the Deans should be allowed to redeem their 1989 Chevrolet Pick–Up Truck for $74.77.

### III. ORDER

It is therefore **ORDERED** that the Debtors' Motion to Redeem Vehicle is GRANTED. The Debtor shall be allowed to redeem the 1989 Chevrolet Pick–Up Truck for $74.77.

**It is so ordered.**