**In re Willie L. DAVIS, Debtor.**

No. 03 B 01519.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 27, 2003.

David T. Lin, Robert J. Semrad & Associates, LLC, Chicago, IL, for Movant.

James M. Philbrick, Law Offices of Joel A. Schechter, Chicago, IL, for Respondent.

Catherine L. Steege, Jenner & Block, Chicago, IL, trustee.

## MEMORANDUM OPINION

PAMELA S. HOLLIS, Bankruptcy Judge.

This matter comes before the court on Willie Davis's motion to redeem his 1999 Oldsmobile Aurora. Davis sought authori-

ty to redeem for a payment of $6,265.00, pursuant to 11 U.S.C. § 722. Secured creditor Arcadia Financial objected on the grounds that the chapter 13 plan that was confirmed before the case converted to chapter 7 provided Arcadia with an allowed secured claim in the amount of $22,939.00. Arcadia argued that pursuant to § 348(f)(1)(B), the redemption amount must be $20,562.78, which is the amount at which its allowed secured claim was valued in the chapter 13 plan, less payments received since confirmation. For the reasons stated below, the motion to redeem for $6,265.00 is denied and the objection is sustained.

## BACKGROUND

Davis filed his voluntary Chapter 13 petition on January 10, 2003. He scheduled the Oldsmobile as having a value of $12,475.00. On February 4, 2003, Arcadia filed its proof of claim in the amount of $22,938.66 and valued the car at $14,450.00. Debtor's original plan had valued Arcadia's secured claim at $12,475.00, as in the schedules, and a first amended plan valued the secured claim at $14,450.00. The confirmed plan, however, provided Arcadia with a fully secured claim in the amount of $22,939.00.

Davis used the Model Chapter 13 Plan that is required in the Northern District of Illinois. Each iteration of the plan describes Arcadia as follows, although the amounts stated here are those found in the confirmed plan:

5. *Other secured claims.* All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate of 4.75%, in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments if so specified (by a check mark and payment amount):

(a) Creditor: <u>ARCADIA FINANCIAL</u>    Collateral: <u>1999 OLDSMOBILE AURORA</u>

Amount of secured claim: $ <u>$22,939</u>    G Fixed monthly payment: $ <u>0.00</u> ;

Total estimated payments, including interest, on the claim: $ <u>$26,827.</u>

The interest rate was changed in a corrected confirmation order to 16.95%. This bankruptcy case converted to chapter 7 on July 24, 2003.

## ANALYSIS

■ In order to redeem personal property from a lien, a chapter 7 debtor must pay "the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." 11 U.S.C. § 722. Therefore, to redeem his automobile, Davis must pay Arcadia the amount of its allowed secured claim.

An "allowed secured claim" is defined in 11 U.S.C. § 506(a) as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

In a chapter 13 case, where a debtor intends to keep collateral over the objection of a secured creditor, the Supreme Court has determined that the value of that creditor's allowed secured claim is the cost that the debtor would incur in replacing the collateral. *See Associates Commercial Corp. v. Rash*, 520 U.S. 953, 962, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). In the redemption context, courts have interpreted § 506(a) as requiring a liquidation valuation, since

> [t]he situation in a § 722 redemption is quite different from cramdown: in redemption, the creditor does receive the immediate value of the collateral, and is subject neither to potential default by the debtor nor to depreciation. Accordingly, the impact of redemption is much closer to surrender than to cramdown, and *Rash* cannot reasonably be read to mandate replacement value in the redemption context.

*In re Tripplett*, 256 B.R. 594, 598 (Bankr. N.D.Ill.2000). *See Triad Fin. Corp. v. Weathington (In re Weathington)*, 254 B.R. 895, 899 (6th Cir. BAP 2000).

■ Consequently, when collateral is redeemed under § 722, secured claims are valued under a liquidation analysis. *See 6 Collier on Bankruptcy* ¶ 722.05[1] (15th ed. rev'd 2001) ("the wholesale value of the property best approximates the amount that the creditor will lose if the debtor is allowed to retain the property") (footnote omitted).

■ To determine the amount of an allowed secured claim in a case that has converted from chapter 13 to chapter 7, however, the court must turn to 11 U.S.C. § 348(f)(1):

> [e]xcept as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—...

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

Several bankruptcy courts have found that § 348(f)(1)(B) requires that the valuation of an allowed secured claim in a chapter 13 case, even though made for purposes of reorganization, must be used when a debtor seeks to redeem in the converted chapter 7 case. *See In re Dean*, 281 B.R. 912 (Bankr.W.D.Tenn.2002); *In re Rodgers*, 273 B.R. 186 (Bankr.C.D.Ill.2002); *In re Hawkins*, No. 96–1242C–7, 2000 WL 33673761 (Bankr.M.D.N.C. August 30, 2000); *Hall v. American Lenders Facilities (In re Hall)*, No. 95–30490, 2000 WL 33943204 (Bankr.S.D.Ga. February 3, 2000); *In re Archie*, 240 B.R. 425 (Bankr. S.D.Ala.1999). *See also Collier, supra.*

The issue before the court in this case is whether Arcadia's allowed secured claim was valued in the chapter 13 case and if so, what the valuation is. That is the amount Davis must pay to redeem the automobile.

"Section 348(f) does not define what constitutes a valuation." *In re Page*, 250 B.R. 465, 466 (Bankr.D.N.H.2000). Several courts have found that a confirmed plan is an implicit valuation of the property of the estate. *See Warren v. Peterson (In re Warren)*, 298 B.R. 322 (N.D.Ill.2003); *In re Slack*, 290 B.R. 282 (Bankr.D.N.J.2003); *Page*, 250 B.R. 465. *See also In re Kuhlman*, 254 B.R. 755 (Bankr.N.D.Cal.2000).

■ In this case, the question is not just whether the property of the estate has been valued but whether Arcadia's allowed secured claim has been valued as well. In *Adair v. Sherman*, the Seventh Circuit held that "when a proof of claim is filed prior to confirmation, and the debtor does not object prior to confirmation, the debtor may not file a post-confirmation collateral

action that calls into question the proof of claim." 230 F.3d 890, 894–895 (7th Cir. 2000) (footnotes omitted). The confirmation order precludes any further dispute as to the amount of the claim.

> [T]he parties are bound by any valuation included in a confirmed plan where the secured creditor filed a claim pre-confirmation and its asserted collateral value was not challenged before confirmation, *Adair*, 230 F.3d at 894, or the confirmed plan itself specifies collateral value. *In re Hudson*, 260 B.R. 421 (Bankr. W.D.Mich.2001).

*In re Adams*, 264 B.R. 901, 905 (Bankr. N.D.Ill.2001).

Arcadia valued its collateral at $14,450 in its proof of claim. The confirmed plan, however, stated that the amount of Arcadia's secured claim is $22,939.00. Even if the court does not follow the line of cases holding that plan confirmation is an implicit valuation, this confirmed plan *explicitly* valued the claim. Which valuation controls, the amount in the proof of claim or in the plan?

For three reasons, the amount of the secured claim as described in the plan is the amount of Arcadia's allowed secured claim in this chapter 7 case. First, the plan was both filed and confirmed after Arcadia filed its proof of claim. The fact that the plan valued Arcadia's secured claim differently than the proof of claim is tantamount to a challenge to the secured claim. If the plan had provided for a lesser value and Arcadia failed to object, it would be bound by the value specified in the plan. *See Matter of Pence*, 905 F.2d 1107, 1110 (7th Cir.1990) (erroneous valuation of collateral in plan could not be collaterally attacked by creditor post-confirmation).

Second, Davis drafted the plan. In fact, the confirmed plan was the third iteration he filed, each modification increasing the amount of Arcadia's secured claim. Davis, who drafted the plan, cannot now complain about its terms.

Finally, in the paragraph that describes Arcadia, the plan states that as compared to proofs of claim, it controls the amount of secured claims:

> All secured claims ... are to be paid in full during the plan term, with interest at an annual percentage rate of 4.75% [later amended], in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), *regardless of contrary proofs of claim* ....

Davis correctly argued to the court that the same secured claim may be valued differently, depending on the purpose of the valuation. The drafters of § 506(a) contemplated this result when they wrote that the value of an allowed secured claim "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." In interpreting § 506(a), the Supreme Court held that in a cramdown under § 1325(a)(5)(B), the allowed secured claim should be valued under a replacement cost standard. *Rash*, 520 U.S. at 962, 117 S.Ct. 1879. In a redemption context, lower courts have held that a liquidation standard is appropriate. *Tripplett*, 256 B.R. at 598.

When a redemption in chapter 7 follows conversion from chapter 13, however, the court need not make a determination "in light of the purpose of the valuation and of the proposed disposition or use of such property." No construction of § 506(a) is necessary in that situation because the plain language of § 348(f)(1)(B) provides the appropriate valuation standard: "valuations of ... allowed secured claims in the

chapter 13 case shall apply in the converted case."

■ A statute is to be construed to give effect to its plain meaning. "[T]here generally is no need for a court to inquire beyond the plain language of the statute." *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Where, as here, the language of the statute is clear, the court must enforce it according to its terms. *Rake v. Wade,* 508 U.S. 464, 471, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). Despite the numerous reported decisions providing judicial interpretations of the proper method for valuing a claim, this court has no authority to ignore the plain language of § 348(f)(1)(B).

In all of the reported decisions found by this court, the application of § 348(f)(1)(B) resulted in a benefit to the debtor because the debtor made substantial plan payments, thus reducing the secured claim, before converting to chapter 7. *See Dean,* 281 B.R. at 915 (allowed secured claim valued in plan at $4,788.82, debtors redeemed for $74.77); *Rodgers,* 273 B.R. at 193–194 (allowed secured claim valued at $14,382.00, debtors redeemed for $895.73); *Hall,* 2000 WL 33943204 (allowed secured claim valued at $11,439.40, debtors redeemed without further payment); *Hawkins,* 2000 WL 33673761 (allowed secured claim valued at $5,800.00, debtors redeemed without further payment); *Archie,* 240 B.R. 425 (allowed secured claim valued at $7,000, debtors redeemed without further payment).

The purpose of § 348(f)(1) is to encourage debtors to try chapter 13. It provides that "property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.... [T]o hold otherwise would create a serious disincentive to chapter 13 filings." H.R. Rep. 103–835, at 57 (1994),

*reprinted in* 1994 U.S.C.C.A.N. 3340, 3366. The unintended result in this case, however, is that the statute binds Davis to a valuation that cuts against his interests now—the valuation he gave it in his confirmed chapter 13 plan.

**CONCLUSION**

This will be the first reported case where the application of § 348(f)(1)(B) benefits the creditor; although unintended by the drafters, this result is unavoidable. While § 506(a) instructs courts to value secured claims by taking the purpose of the valuation into account, the judicial gloss that has developed on the statute leads to a direct conflict with the plain language of § 348(f)(1)(B). The value of Arcadia's allowed secured claim in this chapter 7 case is the value described in the chapter 13 plan. If Davis wishes to redeem his automobile, he must pay Arcadia the amount of the allowed secured claim set forth in the confirmed chapter 13 plan, less any payments made. According to Arcadia's papers, that amount is $20,562.78.

The motion to redeem for a payment of $6,265.00 is denied and the objection is sustained.