**In re David Russell PETER, Debtor.**

**No. 600–65936–aer7.**

United States Bankruptcy Court,
D. Oregon.

April 30, 2004.

Keith Boyd, Muhlheim, Boyd & Carroll, Eugene, OR, for Debtor.

Michael A. Grassmueck, Portland, OR, for Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief Judge.

This matter comes before the court on the Chapter 7 Trustee's motion for turnover of a 1998 Honda Civic.

## FACTS

The facts are undisputed.

Dr. David Peter, the Debtor herein, filed a Chapter 13 petition on October 10, 2000. His original Ch. 13 schedules listed a 1998 Honda Civic valued at $7,500, with American Honda Finance Corp. (American Honda) as having a secured claim against it for $6,221.52. Debtor claimed the full $1,700 vehicle exemption under ORS 23.170(1)(d).

Debtor's original, amended, and second amended Chapter 13 plans, all provided for American Honda to be paid directly. Confirmation was delayed pending claims litigation. Eventually, confirmation was denied in June, 2002 and the case was converted to Chapter 7 on Debtor's motion.

During the course of the Chapter 13, Debtor paid off American Honda from post-petition wages and the vehicle is now free and clear of liens. At the time of conversion, the vehicle was still in Debtor's possession and control.

Upon conversion, Debtor filed a new set of schedules, in which he valued the vehicle at $5,025, and noted that American Honda had been paid in full. Trustee makes no claim that Debtor converted to Chapter 7 in bad faith.[1]

## ISSUE

Is the Chapter 7 estate entitled to the non-exempt equity in the vehicle created by Debtor's pay-down of the secured claim while in Chapter 13? Based upon the following discussion, this court concludes that it is.

## DISCUSSION

At issue is the application of 11 U.S.C. § 348(f),[2] which provides:

(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.[3]

The parties focus the court's attention on § 348(f)(1)(A). Debtor argues it should be construed to exclude any equity that arose because of the pay-down of the secured debt during the Chapter 13 portion of the case, because this equity did not exist "as of the date of filing of the petition." Trustee argues that "property of the estate" as used in the statute, does not differentiate between property with equity and property without equity and that ap-

---

1. In a letter opinion entered April 15, 2003, involving a motion (to which the present Trustee was a party) regarding the post conversion disposition of funds then being held by the Ch. 13 trustee, the court made a finding that the case had not been converted in bad faith.

2. Unless otherwise noted, all subsequent references are to Title 11 of the United States Code.

3. As noted above, this case was not converted in bad faith, so subsection (2) is inapplicable.

preciation in asset values inure to the estate.

Pursuant to § 541(a)(6), property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." The 9th Circuit has held that if an asset increases in value during the case, under § 541(a)(6), the appreciation inures to the estate. *Schwaber v. Reed (In re Reed),* 940 F.2d 1317 (9th Cir. 1991); *Hyman v. Plotkin (In re Hyman),* 967 F.2d 1316 (9th Cir.1992). This is true regardless of whether there was equity beyond liens and exemptions when the case was filed. *Vu v. Kendall (In re Vu),* 245 B.R. 644, 649 (9th Cir. BAP (N.D.Cal.) 2000). Such value may come not only from an increase in the property's value, but also from pay-down of liens. *In re Prospero,* 107 B.R. 732, 736 (Bankr.C.D.Cal.1989) (cited with approval by *Reed, supra* at 1323). The question presented is whether or not § 348(f)(1) changes this general rule as to pay-down of liens? The cases are split.

In *In re Wegner,* 243 B.R. 731 (Bankr. D.Neb.2000), the case converted to Chapter 7 post confirmation. During the Chapter 13 debtor's home had gained $9,500 in value. Debtor created an additional $2,100 in equity by pay-down of the home mortgage. The court applied § 348(f)(1)(A) to hold that the house was property of the Ch. 7 estate. It held the $2,100 equity gain by virtue of debtor's payments, was included in the Ch. 7 estate, stating: "Section 348 does not explicitly protect an equity cushion that is created by payments made during the pendency of the Ch. 13 case."[4] *Id.* at 735.

On the other hand, in *In Re Sargente,* 202 B.R. 1023 (Bankr.S.D.Fla.1996), at the filing of the Chapter 13, there was no equity for the estate in two vehicles. A plan was confirmed. Debtors made payments on the vehicle debt, the case converted to Chapter 7 and the trustee made claim to the non-exempt equity created by the pay-down. The case had been filed before § 348(f)(1)(A)'s effective date,[5] and thus the statute was not controlling. Nonetheless, the court construed its policy as allowing the debtors to keep the equity created by the pay-down.

Section 348(f) was enacted to resolve a split among the circuits as to whether property acquired during the course of a Chapter 13 was included in the Chapter 7 estate upon conversion.[6] Debtor argues that the legislative history of § 348(f) supports his position. That may be, however, the Supreme Court has consistently admonished that where a statute's text is

---

**4.** *Wegner,* as well as other cases also opine whether and in what circumstances, a debtor may keep the appreciation in value of an asset which accrued pre-conversion. The courts have implicated § 348(f)(1)(*B* ) in this analysis. That subsection makes Ch. 13 valuations binding post-conversion. The courts have held that confirmation, either explicitly or implicitly, is a "valuation" for purposes of § 348(f)(1)(B). In *Wegner,* the court excluded from the Ch. 7 estate, the $9,500 in pre-conversion appreciation. *See also, In re Page,* 250 B.R. 465 (Bankr.D.N.H.2000) (confirmation is an implicit "valuation" for § 348(f)(1)(B) purposes, thus debtor entitled to keep Chapter 13 appreciation); *In re Kuhl-*

*man,* 254 B.R. 755 (Bankr.N.D.Cal.2000) (case converted pre-confirmation; since no "valuation" was made by the court, the Ch. 7 estate, rather than the debtor, was entitled to pre-conversion appreciation). Here, no plan was ever confirmed, although the Honda appears to have declined in value.

**5.** Current § 348(f) was part of the 1994 Bankruptcy Reform Act.

**6.** *See, Farmer v. Taco Bell Corp.,* 242 B.R. 435 (W.D.Tenn.1999) for an extensive discussion of the statute's history.

plain, the court is to apply it as written, unless its application would lead to absurd results.[7]

Pursuant to § 348(f)(1)(A), upon conversion, property of the Chapter 7 estate consists of *"property of the estate* as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." (emphasis added). There is no dispute that the Honda was "property of the estate" (as defined by § 541(a)(1)), as of the filing of the Chapter 13 petition. The statute does not limit the subsequent Chapter 7 estate to "equity in" "property of the estate" as of the filing of the [Chapter 13] petition.[8] That policy choice appears to have been dealt with by § 348(f)(1)(B). Application of the statute as written will not lead to the level of "absurdity" that would allow this court to ignore the plain wording of the statute.

While it is true that § 348(f)(1) was enacted to encourage Chapter 13 filings and including the non-exempt equity at bar in the Chapter 7 estate may perhaps be seen as a slight disincentive to filing Chapter 13, it is no more so than including (upon conversion, absent a formal "valuation"), appreciation accrued during the Chapter 13. *See, Kuhlman, supra.* Accordingly, this court is persuaded that the interpretation of the statute reached in *Wegner, supra,* and *Kuhlman, supra* more comports with the plain text of the statute.

It follows that the trustee's motion should be granted. The court notes, however, that the debtor may be able to assert a claim (having administrative priority)

based on the payments that he made for the benefit of the estate.[9]

The above constitute my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated.

---

**7.** The most recent Supreme Court case on this point is *Lamie v. U.S. Trustee,* — U.S. —, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004).

**8.** *See e.g., Potter v. Drewes (In re Potter),* 228 B.R. 422, 424 (8th Cir. BAP (N.D.) 1999)

("[n]othing in Section 541 suggests that the estate's interest is anything less than the entire asset, including any changes in its value which might occur after the date of filing).

**9.** *See In re Prospero,* 107 B.R. 732, 735–736 (Bankr.C.D.Cal.1989).